**Cape Schools Open Minds and Open Doors**
Community · Academics · Passion · Ethics

**Marcia Abbott Weeks**
Business Manager

**Catherine A. Stankard**
Director of Teaching and Learning

**CAPE ELIZABETH SCHOOLS**
320 Ocean House Road
P.O. Box 6267
Cape Elizabeth, Maine 04107
Phone: (207) 799-2217   Fax: (207) 799-2914

**Del Peavey**
Director of Special Services

**Donna H. Wolfrom Ed.D.**
Superintendent of Schools
dwolfrom@CapeElizabethSchools.org

October 11, 2019

Dear ▌, Ms. Norris, and ▌:

On October 9, 2019, we met pursuant to Cape Elizabeth School Department Administrative Procedure JICK-R to give you an opportunity to present your appeal of the three-day suspension imposed upon you by Principal Shedd by letter dated October 4. You were represented at that meeting by Attorney Emma Bond of the of the Maine Chapter of the American Civil Liberties Union. Your mother and Alison Beyea, of the MCLU, as well as Melissa Hewey, counsel to the School Department, were also present. I write now to provide you with my decision.

At our meeting, you and Attorney Bond presented three principal bases for your appeal: you claimed that the discipline imposed upon you violated your First Amendment right to freedom of speech; you asserted that the conduct you engaged in that resulted in your suspension did not meet the definition of bullying because it focused on conduct that occurred on a single day and accordingly was not severe and pervasive; and you argued that a three-day suspension was unjustified because it was harsher than suspensions imposed on other students for equal or greater offenses.

First, with respect to your First Amendment claim, let me assure you that the Cape Elizabeth School Department supports the right of all of our students, our staff and the community to speak out on matters of public concern. However, we also have an obligation, under state law and our School Department policy to address bullying behavior, which is not protected speech, among students when it occurs. Your attorney correctly pointed out that Maine's bullying law attempts to strike a balance between these two important values by defining bullying to be conduct that is directed at a specific student or students. During the presentation of your appeal, you stated that in posting the sticky notes you were not targeting a specific individual but rather were targeting what you characterized as a "rape culture" present in our school. However, not only does the language of the notes you posted indicate that your speech was directed at a specific individual, but when you were interviewed as part of the investigation, you stated directly that you intended to target one student. In the interviews, you named that student, you described incidents of alleged rape that you believed (without personal knowledge) that he was involved in, and you expressed frustration that he was, in your view, supported by faculty at the school. You also said that your intention in posting the notes was to instill fear in the school community. Based on your own statements during the investigation, I conclude that you were not engaged in "core political speech" as your attorney claimed during her presentation, but rather you engaged in written expression directed at a student that was made for the purpose of creating a hostile educational environment for that student.

Second, I also reject your contention that your conduct was not "severe and pervasive" and therefore does not meet the definition of bullying. In fact, neither the statute nor the Cape Elizabeth School Department policy use that phrase. Rather, bullying is defined as conduct that "[i]nterferes with the rights of a student by: (a) creating an intimidating or hostile educational environment for the student;

or (b) interfering with the student's academic performance or ability to participate in or benefit from the services, activities or privileges provided by a school." In this case, the investigation revealed that as a result of your actions, the student you targeted was ostracized by his peers and was unable to come to school as a result. Therefore, I concur with Principal Shedd's conclusion that you engaged in bullying in this instance.

Third, given the harm that you have caused to this student and to others, I do not think that a suspension of three days is unreasonable. You provided me with one example of a situation you had heard about but clearly have no personal knowledge of. In fact, every student disciplinary matter is unique and I have confidence that Principal Shedd, in his discretion, decided on appropriate remedial action in this case.

Finally, during our meeting, your attorney suggested that the timing of your suspension being imposed shortly after you gave an interview to the press suggests that the discipline could have been imposed in retaliation for that interview. I am aware, however, that the suspension decision was made before the article in the press was published and there is, therefore, no basis for such a claim.

In conclusion, I hope that you have learned from this experience that while advocacy of ideas is critical to our democratic society, spreading rumors about particular individuals is destructive and cannot be tolerated. I encourage you to continue to advocate for issues you feel passionate about but to do so in an appropriate manner.

Your appeal is denied and your suspension will start on October 15, 2019 and run through October 17, 2019.

Sincerely,

Donna H. Wolfrom