UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| A.M., a minor, by and through her mother, SHAEL NORRIS </br></br> Plaintiff </br></br> v. </br></br> CAPE ELIZABETH SCHOOL DISTRICT, et al. </br></br> Defendants | Case No. 2:19-cv-00466-LEW |

ANSWER

Defendants for their answer to Plaintiff's Complaint state as follows.

1. Defendants admit that A.M. placed a post-it note in a girls' bathroom reading "There's a rapist in our school and you know who it is. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in the first two sentences of Paragraph 2 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the factual allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.     Defendants admit that Paragraph 7 sets forth the relief that Plaintiff requests.  Defendants deny the factual allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.    Defendants admit the allegations contained in Paragraph10 of the Complaint.

11.    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants deny that Nathan Carpenter shared responsibility for disciplining bullying in this case but otherwise admit the allegations contained in Paragraph 12 of the Complaint.

13.    Paragraph 13 of the Complaint sets forth legal conclusions not requiring responsive pleading.  To the extent Paragraph 13 also includes factual allegations, they are denied.

14.    Paragraph 14 of the Complaint sets forth legal conclusions not requiring responsive pleading.  To the extent Paragraph 14 also includes factual allegations, they are denied.

15.    Paragraph 15 of the Complaint sets forth legal conclusions not requiring responsive pleading.  To the extent Paragraph 15 also includes factual allegations, they are denied.

## Facts

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to whether A.M. is award-winning but admit the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny the same.

29. Defendants deny that the post-it note was a modern-day leaflet but admit the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny that A.M. did not intend the note to only refer to one person and are without knowledge or information sufficient to form a belief as to what A.M. believes.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit that shortly after the note was posted, it was removed by another student.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny that the note was treated as a complaint under Title IX of the Education amendments Act of 1972 but admit that they conducted an investigation.

37, Defendants deny the allegations contained in Paragraph 37 except that they admit that five complaint were substantiated in some part.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants admit that later on September 16, additional notes were posted in the first floor girls' bathroom. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that Assistant Principal Carpenter and the school resource officer spoke interviewed A.M. on the same day and showed her the note and that A.M. did not disclose that she had posted one of the notes in the second floor bathroom. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit that Assistant Principal Carpenter questioned other students throughout the day and that some may have been A.M.s friends. Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit that A.M. was asked to disclose information concerning sexual violence about which she was aware. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit that they discussed whether punishing students who had been using drugs or alcohol could be a barrier but deny that Paragraph 45 accurately characterizes the conversation.

46. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

47. Defendants admit that A.M. was asked to disclose the names of any perpetrators of sexual violence that she was aware of in the school and that A.M. described two events but deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit that the definition of "rape" and "rapist" was not discussed.

50. Defendants admit that the CEHS principal sent an email to the entire school on September 20, 2019 and that a copy of that email is attached to the Complaint. To the extent the allegations contained in Paragraph 50 of the Complaint are inconsistent therewith, or are incomplete, they are denied.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit that the principal said that the focus of the investigation had shifted to the note.

54. Defendants are without knowledge ad to whether the allegations contained in Paragraph 54 of the Complaint correctly quotes what the Principal said.

55. Defendants are without knowledge ad to whether the allegations contained in Paragraph 55 of the Complaint correctly quotes what the Principal said but generally admit the allegations contained in Paragraph 55 of the Complaint.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit that the Portland Press Herald published a story about the post-it notes on October 4, 2019. The article speaks for itself and to the extent the allegations contained in Paragraph 57 are inconsistent with the article, they are denied.

58. The article speaks for itself and to the extent the allegations contained in Paragraph 58 are inconsistent with the article, they are denied.

59. Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60. Defendants admit that a three day suspension is fairly serious punishment, that they are not frequent at CEHS and that a student may answer "no" to a question on the Common Application if they have net been suspended or their suspension has been expunged. Defendants are without information or belief as to the truth of whether suspension are considered in college admissions.

61.  Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit that the CEHS principal wrote a letter to A.M. and her parents. To the extent the allegations contained in Paragraph 62 are inconsistent therewith, or incomplete, they are denied.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants admit that the note posted by A.M. generated an investigation and public attention to A.M. but deny the remaining allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69. Defendants admit that Paragraph 69 contains a partial quotation of 20-A M.R.S. 6554(2)(B).

70. Paragraph 70 of the Complaint states a legal conclusion not requiring a responsive pleading.

71. Defendants admit that some news outlets issued updates on the school's decision to suspend A.M.  Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the Complaint.

75. Defendants admit that as part of her appeal presentation, A.M. and/or her advocate asserted that the note was not directed at a single person and was posted for the purpose of prompting discussion of the school's handing of sexual assault complaints and its policies and practices.  Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint.

76. Defendants admit that on the same day as the appeal, the superintendent and Title IX coordinator appeared on a morning radio show to discuss recent events.  Defendants deny that the characterization of what they said contained in Paragraph 76 of the Complaint is accurate.

77. Defendants admit that on October 9, 2019 Principal Shedd issued a public letter and that a copy of it is attached to the Complaint as Attachment C.  To the extent the allegations contained in Paragraph 77 concerning that letter are inconsistent therewith or incomplete, they are denied.

78. Defendants admit the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. To the extent the allegations contained in Paragraph 80 concerning that letter are inconsistent therewith or incomplete, they are denied.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. To the extent the allegations contained in Paragraph 84 concerning that letter are inconsistent therewith or incomplete, they are denied.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

## **Claims**

### Count I:   First Amendment

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

### Count II:   title IX

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

Wherefore, Defendants request that the Complaint be dismissed and that they be awarded their costs and such other further relief as may be just and equitable.

### **Affirmative Defense**

1. The claims against the individual defendants are barred by qualified immunity


Dated:  December 17, 2019.

*/s/ Melissa A. Hewey*
Melissa A. Hewey
Attorney for Defendants


DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
mhewey@dwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Melissa A. Hewey hereby certify that on December 17, 2019 I electronically filed the above Motion with the Clerk of Court using the CM/ECF system which will send notifications of this filing to all parties of record.

>   */s/ Melissa A. Hewey*
>   Melissa A. Hewey
>   Attorney for Defendants