UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| A.M., a minor, by and through her mother, SHAEL NORRIS, <br><br> Plaintiff <br> v. <br><br> CAPE ELIZABETH SCHOOL DISTRICT, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) Civ. No. 19-cv-466-LEW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT MOTION FOR APPROVAL OF MINOR SETTLEMENT

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule 41.2, Plaintiff, Shael Norris, on behalf of her minor child, A.M., under oath, respectfully files this motion to approve settlement on behalf of A.M. Counsel for the Plaintiff has consulted with counsel for the Defendants, Cape Elizabeth School District, *et al.* who consents to the relief requested in this motion. The parties have come to an agreement to resolve the case, and the Plaintiff respectfully requests approval of the parties' settlement, for the following reasons:

1.  This case arose from discipline imposed on A.M., a high school student, for posting a note in the girls' bathroom stating "there's a rapist in our school and you know who it is." On October 4, 2019, the school imposed a three-day suspension and related discipline. After the Plaintiff filed a lawsuit and request for preliminary injunction on October 13, 2019, the Defendants agreed to stay the enforcement of the suspension and related discipline until the Court had the opportunity to consider the Plaintiff's request.

2. On October 24, 2019, the Court granted a preliminary injunction preventing Defendants from enforcing the punishment during the pendency of the case. *A.M. ex rel. Norris v. Cape Elizabeth Sch. Dis.*, 422 F. Supp. 3d 353, 358 (D. Me. 2019).

3. The Defendants appealed the trial court's order to the First Circuit. In the meantime, the parties agreed to stay discovery, jointly informing the Court that "[t]he parties believe that once the appeal has been decided, they will be able to resolve the case without the need for further litigation." Joint Obj. to Scheduling Order and Mot. to Stay, ECF No. 27 (Jan. 2, 2020).

4. After briefing and oral argument, the First Circuit affirmed, holding that "the district court did not abuse its discretion in granting the preliminary injunction." *A.M. ex rel. Norris v. Cape Elizabeth Sch. Dist.*, 969 F.3d 12, 14 (1st Cir. 2020).

5. After the First Circuit issued its decision, the parties came to an agreement to resolve the case. Specifically, the parties agreed to resolve the case on the merits by Defendants permanently expunging the punishment imposed on October 4, 2020, from A.M.'s school records.

6. Pursuant to local rule, any settlement on behalf of a minor must be approved by the Court following review of a motion satisfying the requirements of Rule 41.2. Specifically, the motion must address, "where applicable":

> (1) A brief description of the claim and of all damages sustained;
>
> (2) An itemized statement of all damages;
>
> (3) The total amount of the settlement and whether reimbursement of expenses is to be paid out of the total settlement or is being paid in addition as part of the parent's claim. If the parent is being paid anything directly, the motion shall contain a statement of the total amount being paid the parent and a specification of the items covered;

(4) Whether the settlement was negotiated by counsel actually representing the minor and, if so, the amount claimed as attorney's fees; and

(5) Designates a depository of the funds received for the minor and subjects any withdrawals to court approval until the minor reaches majority.

(6) Any deviation from the plan requires approval by the Court upon motion.

(7) Not later than thirty (30) days after entry of the order approving the settlement, the attorney or party to whom the funds are paid shall file a sworn affidavit verifying that the funds paid have been deposited as required by the court order, stating the depository financial institution and account number, and certifying that a copy of the Court's order with restrictions on withdrawal, if any, has been provided to the depository financial institution.

7. Many of the provisions mandated by Rule 41.2 relate to compensatory or punitive damages, which are not at issue in this case. The complaint sought declaratory and injunctive relief, not compensatory or punitive damages. *See* Compl. at 20-21, ECF No. 1 (Oct. 13, 2020). The proposed settlement thus resolves the injunctive claims, and does not include compensatory or punitive damages. As a result, Rule 41.2's provisions regarding "damages sustained," "[a]n itemized statement of all damages," "[t]he total amount of the settlement" and any direct payment to the parent, and a depository of the funds received, are not applicable in this case. *See* Local Rule 41.2.

8. Pursuant to Rule 41.2(4), the settlement was negotiated by attorneys with the ACLU of Maine, who serve as Plaintiff's counsel. The Plaintiff is not responsible for paying any of the attorney fees incurred in litigating the case.

9. If the Court approves the settlement, Plaintiff respectfully requests that the Court give the parties 30 days within which to implement the settlement. Once Defendants confirm that the discipline has been permanently expunged from the Plaintiff's records, the parties agree to jointly dismiss the case, with prejudice.

10.     The Plaintiff, Shael Norris, has been informed of her right to request an in-person hearing on the motion for approval of settlement of this claim and does not wish to request such a hearing. She is satisfied with the terms and conditions of the settlement described in this motion.

11.     Counsel for the Plaintiff has consulted with counsel for the Defendants, Cape Elizabeth School District, *et al.* who consents to the relief requested in this motion.

WHEREFORE, Plaintiff respectfully applies to this Honorable Court to approve this proposed settlement and provide the parties with 30 days within which to implement the settlement, and, once that implementation is complete, to dismiss the case.

September 23, 2020  /s/ Shael Norris
Date  Shael Norris, on behalf of A.M., a minor

STATE OF MAINE
CUMBERLAND, SS.

Personally appeared the above-named Shael Norris, known to me, this 23rd day of September 2020, and swore the above statement to be true, and based on her personal knowledge, except where stated to be on information and belief, in which case, she believes the statements true.

        Before me,

        /s/ Meagan Sway, Esq.
        Bar No. 5098

Respectfully submitted,

/s/ Emma E. Bond
Emma E. Bond
ACLU of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 619-8687
*ebond@aclumaine.org*

Zachary L. Heiden
ACLU of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 619-6224
*heiden@aclumaine.org*

September 23, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2020, I electronically filed the CONSENT MOTION FOR APPROVAL OF MINOR SETTLEMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Emma E. Bond
Emma E. Bond
ACLU of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 619-8687
*E-mail: ebond@aclumaine.org*